1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   UGOCHUKWU L. ONEBUNNE,                    No.  1:25-cv-00103-KES-SKO (HC)

11                    Petitioner,              **FINDINGS AND RECOMMENDATION
                                               TO DISMISS PETITION FOR WRIT OF
12        v.                                   HABEAS CORPUS**

13                                             **[TWENTY-ONE DAY DEADLINE]**
     WARDEN, F.C.I. MENDOTA,
14
                      Respondent.
15

16        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18        On January 24, 2025, Petitioner filed the instant petition in this Court.  He is in the

19   custody of the Bureau of Prisons ("BOP") at FCI-Mendota.  He challenges the computation of his

20   federal sentence by the BOP.  He claims the BOP wrongfully found him ineligible to receive

21   earned time credits under the First Step Act.  The petition is unexhausted.  In addition, review of

22   immigration case information shows Petitioner's claims are facially without merit. Therefore, the

23   Court will recommend the petition be DISMISSED with prejudice.

                                    **DISCUSSION**

25   **I.       Exhaustion**

26        Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

27   circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.

28   Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

                                           1

1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." <u>Id</u>. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Petitioner concedes that he has not administratively exhausted his claims, but he claims exhaustion should be waived for futility because he is challenging an established BOP policy. Petitioner states he has earned time credits under the First Step Act which entitle him to immediate release, but the BOP refuses to apply them because of an unlawful policy of excluding inmates with a detainer. (Doc. 1 at 6.) He notes an immigration detainer has been lodged against him indicating he is subject to a final order of removal.

Prior to November 18, 2022, the BOP took the position that inmates with detainers were ineligible for FSA credits. However, on November 18, 2022, the BOP issued Program Statement 5410.01 modifying BOP procedures to allow inmates with detainers to earn FSA credits; the inmates still could not have those credits applied until the detainers were resolved. U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, <u>First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)</u>, at 17 (Nov. 18, 2022). On February 6, 2023, the BOP issued a change notice to the program statement in which the BOP

deleted the requirement that inmates have no detainers in order to have FSA credits applied to their sentence.  U.S. Dep't of Justice, Federal Bureau of Prisons, <u>Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)</u> (Feb. 6, 2023).  Thus, Petitioner is no longer barred pursuant to BOP policy from earning FSA credits and having them applied to his sentence solely due to a detainer.

Petitioner claims he is not subject to a Final Order of Removal, only an immigration detainer. However, the immigration detainer attached to his petition indicates a Final Order of Removal has in fact been charged against him. (Doc. 1 at 19, 21-22.)  Moreover, a summary glance at the automated case information maintained by the Executive Office of Immigration Review ("EOIR") utilizing Petitioner's A-number shows Petitioner has misrepresented the facts. According to the case summary, Petitioner was ordered removed by an immigration judge on October 18, 2021. <u>See</u> https://acis.eoir.justice.gov/en/caseInformation (utilizing Petitioner's A-number) (last visited February 14, 2025)[1].

Petitioner claims exhaustion should be waived for futility because he is challenging an established BOP policy. This is incorrect. As noted above, the BOP no longer disallows inmates with detainers from earning and applying FSA credits.  The BOP does disallow inmates with Final Orders of Removal from applying FSA credits, but this is in accordance with the governing statute. <u>See</u> 18 U.S.C. § 3632(d)(4)(E)(i) (A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal).

To the extent Petitioner believes he is not subject to a Final Order of Removal, the issue should have been raised first to the BOP.  Although the exhaustion requirement is subject to waiver in § 2241 cases "it is not lightly to be disregarded." <u>Murillo v. Mathews</u>, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000 (9th Cir. 2004) (internal

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).  The Court hereby takes judicial notice of the case information in Petitioner's immigration proceedings.

quotation marks omitted). Here, Petitioner has deliberately bypassed the administrative review process which should not be encouraged.  Based on the noted immigration case information, Petitioner's claims are also meritless.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice for failure to exhaust administrative remedies and for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **February 14, 2025**              /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

4