UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UGOCHUKWU L. ONEBUNNE,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>                    Respondent. | No.  1:25-cv-00103-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 7 |

Petitioner Ugochukwu L. Onebunne is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts that he is subject to an immigration detainer and, due to an allegedly unlawful Bureau of Prisons Program Statement, is barred from applying First Step Act earned time credits toward his release. Doc. 1 at 6.  Petitioner argues that the Program Statement is inconsistent with the express terms of the First Step Act, and he should be able to apply the earned time credits toward his release.  *Id.* at 16–18.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On February 18, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the petition. Doc. 7. The findings and recommendations explained that petitioner is subject not only to an immigration detainer but also to a final order of removal, and he is therefore ineligible for earned time credits under the terms of the statute. *Id.* at 3. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Petitioner is subject to a final order of removal. *See* U.S. Dep't of Justice, Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (utilizing petitioner's A-number, 204-611-711) (last visited August 27, 2025).[1] The First Step Act expressly disallows inmates subject to a final order of removal from receiving earned time credits to reduce the length of their incarceration. 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner is therefore not entitled to the relief he seeks.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

///

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Courts regularly take judicial notice of online case information located on government websites. *See, e.g.*, *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP's online Inmate Locator to determine date defendant was released from custody). The Court takes judicial notice of petitioner's immigration case information.

Accordingly,

1. The findings and recommendations issued on February 18, 2025, Doc. 7, are adopted;
2. The petition for writ of habeas corpus is dismissed with prejudice; and
3. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   August 28, 2025

_____
UNITED STATES DISTRICT JUDGE

3